# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EL CHILAR-HUFF, LLC, THE HUFF
ALTERNATIVE FUND, L.P., and HUFF-
CHILAR, INC.,

        Plaintiffs,

v.

CHILAR'S LLC, EL CHILAR
RODRIGUEZ DISTRIBUTOR, INC.,
MARTIN RODRIGUEZ, OSCAR R.
RODRIGUEZ HERNANDEZ, XOCHILT
RODRIGUEZ, ISAURO FIGUEROA,
REYMUNDO RODRIGUEZ MARQUEZ,
JOSE GONZALEZ RIVERA,
ALEXANDRA GONZALEZ, JORGE
RODRIGUEZ, and NORMA
RODRIGUEZ,

        Defendants.

Case No:  6:18-cv-2190-Orl-28EJK

EL CHILAR RODRIGUEZ
DISTRIBUTOR, INC., and MARTIN
RODRIGUEZ,

        Counter Plaintiffs,

v.

EL CHILAR-HUFF, LLC, THE HUFF
ALTERNATIVE FUND, L.P., and HUFF-
CHILAR, INC.,

        Counter Defendants.

EL CHILAR RODRIGUEZ
DISTRIBUTOR, INC., and MARTIN
RODRIGUEZ,

        Third-Party Plaintiffs,

v.

LISY CORPORATION,

        Third-Party Defendant.

## CONSENT JUDGMENT AND PERMANENT INJUNCTION AND PARTIAL DISMISSAL ORDER ON SETTLEMENT AGREEMENT

This case comes before the Court upon the parties' Third Renewed Stipulated Joint Motion

for Consent Judgment and Permanent Injunction and Partial Dismissal Order on Settlement

Agreement (Doc. 135) filed by Plaintiffs EL CHILAR-HUFF, LLC, THE HUFF ALTERNATIVE FUND, L.P. and HUFF-CHILAR, INC. ("Plaintiffs") and Defendants CHILARS LLC d/b/a LOS TAPATIO'S, OSCAR R. RODRIGUEZ HERNANDEZ, XOCHILT RODRIGUEZ, REYMUNDO RODRIGUEZ MARQUEZ, JOSE GONZALEZ RIVERA, ALEXANDRA GONZALEZ, JORGE RODRIGUEZ, and NORMA RODRIGUEZ ("Settling Defendants" and, collectively with Plaintiffs, the "Settling Parties"). The Settling Parties have requested that this Court enter this Consent Judgment and Permanent Injunction and Partial Dismissal Order on Settlement Agreement without further notice or the necessity of a hearing.

The Settling Parties HEREBY STIPULATE AND AGREE:

1.      The Settling Parties have entered into a Settlement Agreement (Doc. 119-1, Exhibit A to the Second Renewed Stipulated Joint Motion for Consent Judgment and Permanent Injunction and Partial Dismissal Order on Settlement Agreement) dated October 29, 2019 (the "Effective Date") in order to resolve all pending and unasserted claims between the Settling Parties.

2.      The Settlement Agreement does not affect any pending or unasserted claims or Counterclaims between Plaintiffs and Defendants Martin Rodriguez, El Chilar Rodriguez Distributor, Inc., or Isauro Figueroa (the "Non-Settling Defendants"). Non-Settling Defendants do not waive any of their defenses raised in their Answer to the Complaint or any affirmative defenses asserted to the Amended Complaint. This lawsuit therefore continues as between Plaintiffs and all Non- Settling Defendants, except that it is stayed as to Non-Settling Defendant Isauro Figueroa only due to the automatic bankruptcy stay associated with his Chapter 7 bankruptcy petition filed in the U.S. Middle District of Florida (Case No. 6:19-bk-06893). See Docs. 71 & 75.

3.      Plaintiff El Chilar-Huff, LLC, claims ownership rights in a registered copyright in the El Chilar Label, United States Copyright Registration No. VA00002125438. (See Exhibit B

2

attached hereto, at page 1). Plaintiffs claim ownership rights in the El Chilar design trademark (United States Registration No. 5466907, see Exhibit B attached hereto, at page 2) and the El Chilar Trade Dress as defined in the Amended Complaint and shown in Exhibit A attached hereto (the "Trademarks" and collectively, the "El Chilar Intellectual Property"). Plaintiffs claim to have used the El Chilar Intellectual Property in commerce continuously since at least 2003 in connection with the packaging, labeling, distribution, provision, sale, marketing, advertising, and promotion of ethnic comestible goods, including snacks, peppers, spices, and herbs.

4.     As a result of their widespread, continuous, and exclusive use of the El Chilar Intellectual Property to identify their products and Plaintiffs as the source of those products, Plaintiffs claim to own valid and subsisting federal statutory and common law rights to the El Chilar Intellectual Property.

5.     Plaintiffs claim that their Trademarks are distinctive to both the consuming public and the relevant trade.

6.     Plaintiffs claim that as a result of Plaintiffs' expenditures and efforts, the El Chilar Intellectual Property has come to signify the high quality of the products designated by the Trademarks and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiffs.

7.     Without Plaintiffs' authorization, and upon information and belief, beginning after Plaintiffs acquired protectable exclusive rights in the El Chilar Intellectual Property, the Settling Defendants adopted and began using trade dress confusingly similar to Plaintiffs' El Chilar Trade Dress in U.S. commerce and a trade name confusingly similar to that of Plaintiff El Chilar-Huff. The Settling Defendants' Infringing Trade Dress is shown in Exhibit C attached hereto.

8.     The Settling Defendants later adopted and began using a slightly modified version

of the Infringing Trade Dress, as shown in Exhibit D, which also infringes Plaintiffs' rights in the El Chilar Intellectual Property.

9.      Settling Defendants' conduct has caused and is likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Settling Defendants' products; has deceived, and is likely to deceive, the relevant consuming public into believing, mistakenly, that Settling Defendants' products originate from, are associated or affiliated with, or are otherwise authorized by Plaintiffs; and is likely to dilute the distinctive quality of Plaintiffs' Trademarks.

10.     Settling Defendants admit that the foregoing conduct by Settling Defendants constitutes unfair competition and false designation of origin under Section 43(a)(1)(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); copyright infringement under § 106 of the Copyright Act, 17 U.S.C. § 106; violation of the Florida Deceptive and Unfair Trade Practices Act; and common law unfair competition.

11.     Settling Defendants agree that judgment shall be entered against Settling Defendants on these claims.

12.     Plaintiffs claim that as a direct and proximate result of the Settling Defendants' conduct described herein, they have sustained substantial, immediate, and irreparable injury and are entitled to a permanent injunction.

13.     Settling Defendants hereby waive any and all right to an appeal from this Consent Judgment and Permanent Injunction.

14.     This Consent Judgment and Permanent Injunction constitutes a final judgment on the merits of Plaintiffs' claims against the Settling Defendants for purposes of res judicata, collateral estoppel, issue preclusion, and claim preclusion.

15.     If Settling Defendants are found by a court to be in contempt of, or otherwise to have violated, this Consent Judgment and Permanent Injunction, the parties agree that Plaintiffs shall be entitled to injunctive relief and attorneys' fees.

THEREFORE, AS IT IS STIPULATED AND JOINTLY MOVED by the Settling Parties, the Court hereby ORDERS and ADJUDGES, based on the Settlement Agreement, as follows:

16.     Pursuant to 15 U.S.C § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367, this Court has jurisdiction over the subject matter of this case and jurisdiction over the Settling Defendants, and venue is proper in this District

17.     By consent of the Settling Parties, the Court grants the Settling Parties' Third Renewed Stipulated Joint Motion (Doc. 135) and enters judgment against the Settling Defendants and in favor of Plaintiffs on the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Twelfth, Thirteenth, and Fourteenth Causes of Action in the Amended Complaint (Doc. 68). To the extent that Plaintiffs also asserted any of these claims against the Non-Settling Defendants, these claims remain pending against the Non-Settling Defendants only.

18.     The entry of injunctive relief serves the interests of justice.

19.     By consent of the Settling Parties, it is hereby ordered that Settling Defendants, together with all of Settling Defendants' officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Settling Defendants, including but not limited to their distributors and sales people, (collectively, "Distributors")[1] are permanently enjoined and restrained from any act that constitutes a material

---

[1] The definition of Distributors includes individuals and entities acting in concert with the Settling Defendants and does not include Non-Settling Defendants for purposes of this Consent Judgment and Permanent Injunction and Partial Dismissal Order on Settlement Agreement. Non-Settling Defendants do not waive any of their defenses raised in their Answer to the Complaint or any affirmative defenses asserted to the Amended Complaint.

default under the Settlement Agreement, including as follows:

(a)    The Settling Defendants and all those in active concert with them, including Distributors, are hereby permanently enjoined from all use of the trade dress shown in Exhibits A, C, and D attached hereto and any trade dress confusingly similar thereto. They also are permanently enjoined from all use of the following elements, together or individually, on or in connection with products sold, manufactured, packed, distributed, or otherwise placed into commerce, including as domain names, trademarks, and trade names:

i)      The colors yellow and orange;

ii)     Banners;

iii)    Sombreros;

iv)     Red chilies;

v)      The words "herbs," "spices," "peppers," or "snacks";

vi)     Product classification code numbers similar to Plaintiffs';

vii)    Fonts similar to those used by Plaintiffs on its packaging for the words "herbs," "spices," "peppers," or "snacks"; as shown in Exhibit A hereto;

viii)   Similar border colors to those used by Plaintiffs to depict product type;

ix)     The words "El Chilar," "Chilar," "Chilars" or anything similar; or

x)      Any packaging, labeling, containers for goods or trade dress confusingly similar to that shown in Exhibits A, C, or D attached hereto.

(b)    Settling Defendants and all those in active concert with them, including Distributors, shall over-label or remove and destroy any products previously sold to, or placed in, stores, including before the Effective Date, and any product in the possession of Settling Defendants or Distributors which is not in compliance with Paragraph 19(a) above.

(c)     The Settling Defendants and all those in active concert with them, including Distributors, agree that from the Effective Date forward, they will not sell, deliver, or otherwise convey any product that violates Paragraph 19(a) above to any store to which they had not sold product as of the Effective Date, and they shall confirm that they have not done so.

20.     This Consent Judgment and Permanent Injunction shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective heirs, successors, assigns, and acquiring companies.

21.     This Consent Judgment and Permanent Injunction is entered by agreement of the Settling Parties and is intended to be a final judgment and order of the Court between the Settling Parties that is final, enforceable, and not appealable.

22.     The permanent injunction hereunder shall remain in full force and effect at all times.

23.     Each of the Settling Parties shall bear its own attorneys' fees and costs in this action.

24.     Consistent with the Settlement Agreement, the Settling Parties have stipulated and moved this Court for dismissal with prejudice of all pending and unasserted claims and counterclaims that were brought, or which could have been brought, between Plaintiffs and Settling Defendants.   This Court hereby approves the foregoing stipulation and grants the motion for dismissal of all such pending and unasserted claims or counterclaims with prejudice.

25.     This Consent Judgment does not affect any of the claims against the Non-Settling Defendants.

**DONE** and **ORDERED** in Orlando, Florida, this 8 day of May, 2020.

_____
JOHN ANTOON II
United States District Judge